IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MARK CARROLL,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | **Civil Action No. 4:25-cv-1127-O-BP** |
| | § | |
| **JUDGE MIKE HRABAL,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By Order dated October 22, 2025, the Court granted *pro se* Plaintiffs Mark and Charlotte Carroll leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 7. The Order withheld service of process in this case until the Court completed judicial screening under 28 U.S.C. § 1915(e)(2). *Id.* After considering the complaint and applicable legal authorities, the undersigned recommends that Chief United States District Judge Reed O'Connor **DISMISS** the complaint without prejudice.

**I.    BACKGROUND**

Plaintiff Mark Carroll filed suit in a separate but related cause of action on July 21, 2025. *Carroll v. Hodges et. al*, 4-25-cv-777-O-BP. The undersigned entered Findings, Conclusions, and recommendation on October 2, 2025, recommending dismissal without prejudice. *Id.* at ECF No. 11. On October 10, 2025, Plaintiff Mark Carroll filed a response acknowledging the Findings, Conclusions, and Recommendation and requesting that the Court accept the dismissal recommendation, in light of the Plaintiffs' refiling of the action under the present cause number. *Id.* at ECF No. 12. Plaintiffs Mark and Charlotte Carroll now sue Defendants Judge Mike Hrabal, Mark Blake, Metro Office Equipment LLC., Bruce Rothstein, Clouse Brown PLLC, Rose Stewart,

Clarissa Hodges, and all seven justices of the Second Court of Appeals at Fort Worth. ECF No. 1 at 1. Plaintiffs assert that the Second Court of Appeals refused to docket a state court appeal because Mark Carroll had previously been designated as a "vexatious litigant." *Id.* at 2. Plaintiffs also allege a "systemic pattern of misconduct [by] [] Texas state judges, appellate clerks, county clerks, and private attorneys who collusively altered court records, denied Plaintiffs' constitutional right of access to the courts, fabricated vexatious litigant restrictions, and refused to docket a timely appeal." *Id.* at 2. Plaintiffs seek a temporary restraining order, costs, attorney's fees, and permanent injunctive relief. *Id.*

## II.    LEGAL STANDARDS

### A.    Title 28 U.S.C. § 1915

When a plaintiff proceeds *in forma pauperis*, § 1915(e)(2)(B) authorizes the court to screen the plaintiff's case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B)(i-ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards

2

than formal pleadings drafted by lawyers." *Id.* However, if the court determines that the plaintiff has pleaded his best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### B. *Younger* Abstention

Federal courts have a "virtually unflagging obligation" to decide cases within their jurisdiction. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72. *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 73 (internal quotation marks omitted) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (2013)). Federal courts have a duty to ensure abstention under *Younger* would not be proper for the cases before them and may itself raise the issue. *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999).

## III.   ANALYSIS

### A.   Abstention is proper in this case, just as it was in Plaintiff Mark Carroll's first action.

The Court should abstain from exercising subject matter jurisdiction over the ongoing state case under the *Younger* doctrine. *See Younger,* 401 U.S. 37; *Morse v. Fed. Nat'l Mortg. Ass'n*, No.

4:18-cv-39-ALM-CAN, 2019 WL 1177989, at *5-7 (E.D. Tex. Feb. 12, 2019), *rec. adopted*, 2019 WL 1168530 (E.D. Tex. Mar. 13, 2019). *Younger* requires abstention where "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (analyzing two of the three elements in a 42 U.S.C. § 1983 case); *Murphy*, 168 F.3d at 737 n.1 (authorizing *sua sponte* abstention).

As the complaint states, Plaintiffs were a party to a case pending in the County Court at Law Number Three of Tarrant County, Texas, and the instant case concerns the appeal of a final order in that case to the Fort Worth Court of Appeals. *See* ECF No. 9 at 2-4. In a separate state case filed in County Court at Law Number One of Tarrant County, the presiding judge entered an order finding Mark Carroll to be a vexatious litigant and requiring him to obtain a prefiling order from the Local Administrative Judge before filing any new action. *Id.* at 3-4. When Mr. Carroll attempted to appeal the final judgment in the case filed in County Court at Law Number Three, the clerks refused to docket the appeal until he obtained a prefiling order from the administrative judge. *Id.* at 4. Because the clerks "refused to disclose which Justice directed them not to docket Plaintiff's appeal," Plaintiffs sue all seven justices of the Fort Worth Court of Appeals.

The Court should abstain from exercising its jurisdiction to consider Plaintiffs' claims regarding the ongoing state case because the claims meet all three conditions for *Younger* abstention. Continuation of this case would interfere with the appeal of the Carrolls' case in the Fort Worth Court of Appeals and, possibly, in the Supreme Court of Texas. Moreover, litigation concerning vexatious litigants involves important state interests. *See Serafine v. LaVoie*, No. 1:20-

4

cv-1249-RP-SH, 2022 WL 229364, at *15 (W.D. Tex. Jan. 26, 2022) (explaining that enforcement of vexatious-litigant orders implicates core state interests). Finally, the remedies that are available to appeal the vexatious litigant finding in the County Court at Law Number One case and appellate remedies that are available to Plaintiffs to challenge the refusal of the clerk Defendants to file the appeal in the County Court at Law Number Three case without a prefiling order afford them an adequate opportunity to litigate their claims. *See Middlesex Cty.*, 457 U.S. at 435. As a result, the Court should abstain from exercising its jurisdiction under *Younger*.

On the facts presented here, and because Plaintiffs have not shown any reason that abstention would be inappropriate, the Court should abstain from entertaining Plaintiffs' claims under *Younger* and dismiss the claims without prejudice. *See Foster v. City of El Paso*, 308 F. App'x 811, at *1 (5th Cir. 2009) (dismissal under *Younger* abstention without prejudice).

> **B.     The Court should dismiss Plaintiffs' claims for injunctive relief against the judicial Defendants because § 1983 does not provide for such an action.**

Even if the Court chose not to abstain from this case under *Younger*, it still should dismiss Plaintiffs' claims for injunctive relief against the judicial Defendants because § 1983 does not permit such suits against them. Judicial immunity protects judges from suit for any actions taken within their "judicial acts." *Laird v. Spencer*, No. 20-30237, 2025 WL 79826, at *3 (5th Cir. Jan. 13, 2025). "[T]his doctrine of judicial immunity [is also] applicable in suits under . . . § 1983." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citing *Pierson v. Ray*, 386 U.S. 547, 87 (1967)). Court clerks and coordinators have immunity for actions taken in the scope of their professional duties, and "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction . . . ." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981).

Here, Plaintiffs sue the court coordinator, court clerks, and all seven justices of the Second Court of Appeals, and the presiding judge of County Court at Law Number 3 of Tarrant County. ECF No. 1 at 1. They allege that the Defendants violated a litany of state and constitutional guarantees in refusing to docket the appeal from a state trial court proceeding. *Id.* at 2. Plaintiffs additionally accuse the Justices, clerks, and court coordinator of invalidly honoring the Tarrant County Court at Law Number One's designation of Mark Carroll as a vexatious litigant. *Id.* at 4. These state officials whom Plaintiffs accuse all have immunity from those claims. The court coordinator and clerks acted in their official capacities on the Second Court of Appeals when they did not docket Plaintiffs' appeal and followed a prior court order designating Mr. Carroll as a vexatious litigant. Judicial immunity prevents suit against the Justices and the Judge because their actions deeming Mr. Caroll as a vexatious litigant and the Justices' declining to docket the appeal all were judicial acts.

The judicial Defendants' actions were judicial acts, or consequences of judicial acts, for which the Justices, Judge, Clerks, and Court Coordinator would have official immunity if Plaintiffs were suing them for damages. Although Plaintiffs sue them in their official and personal capacities, such a claim is improper since they unquestionably were acting in their official capacities when they refused to docket his appeal or, in Judge Harabal's case, in taking steps to address Mr. Carroll's classification as a vexatious litigant. Plaintiffs' accusations do not rebut judicial immunity and are legally frivolous.

Plaintiffs seek injunctive relief and assert these claims under § 1983, which expressly does not permit such a suit. Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983

(2025). This prohibition applies to judges, justices, and equally to clerks and coordinators of court. *Whole Woman's Health v. Jackson*, 13 F.4th 434, 444 (5th Cir. 2021) ("[A]lthough not expressly covered by the judicial exception to 1983, the court clerks act under the direction of judges acting in their judicial capacity"). The clerk's "duty within the court is to accept and file papers in lawsuits, not to classify 'acceptable' pleadings. Accordingly, the clerks are improper defendants against whom injunctive relief would be meaningless." *Id.* at 444 (citing *Chancery Clerk of Chickasaw Cty. v. Wallace*, 646 F.2d 151, 160 (5th Cir. 1981)).

Plaintiffs do not plead facts to show that the Court can enjoin Defendants to perform the filing that they seek. They do not plead any exception to the prohibition on injunctive relief. Nor do they state facts to show that Defendants acted in other than their official judicial capacity, that they violated a declaratory decree, or that declaratory relief was unavailable. Under these circumstances, injunctive relief under § 1983 is unavailable, and the Court should dismiss Plaintiffs' case without prejudice to their right to pursue his action in the appropriate state court.

    **C.**    **The Court should dismiss Plaintiffs' claims for injunctive relief against the non-judicial Defendants because § 1983 does not provide for such an action.**

Plaintiffs attempt to sue Metro Office Equipment LLC, Clouse Brown PLLC, and attorney Bruce Rothstein. All three defendants are private entities rather than state actors. But § 1983 provides a cause of action when a person "under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a citizen of their rights. 42 U.S.C. § 1983. Plaintiffs do not explain how they can sue these private entities under § 1983, or how these private entities acted "under the color" of state law. Section 1983 does not provide for this cause of action against the private entities.

Additionally, attorney immunity bars the claims against the law firm and attorney. "[A]s a general rule, attorneys are immune from civil liability to non-clients for actions taken in connection

with representing a client in litigation." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (internal quotations and citations omitted). As a result, the Court should dismiss the Plaintiffs' claims against the non-judicial Defendants.

> **D.     Dismissal is also appropriate because Plaintiffs' have not stated a claim on which relief may be granted.**

Title 28 U.S.C. § 1915(e)(2)(ii) requires a court to dismiss an action brought *in forma pauperis* if it fails to state a claim upon which relief may be granted. Dismissal under § 1915(e)(2)(ii) follows the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (citing *Praylor v. Tex. Dep't of Criminal Justice*, 430 F.3d 1208, 1209 (5th Cir. 2005)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). It must also include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. To decide whether the pleadings state a claim upon which relief can be granted, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In their Complaint, Plaintiffs allege several constitutional violations by the Defendants, including deprivations of their rights to due process, equal protection, access to the courts, and right to appeal. ECF No. 1. However, Plaintiffs do not state facts in support of the violations that

8

would establish the elements of the causes of action, instead giving only the name of the violation without further support of any kind. *See id.*; *Iqbal*, 556 U.S. at 678. Plaintiffs plead no specific facts upon which the Court could enter a declaratory judgment against Defendants, as they request. Even under the liberal construction that the Court gives to *pro se* pleadings, Plaintiffs have not stated any facts to support claims upon which relief could be granted. As a result, the undersigned recommends dismissal under 28 U.S.C. § 1915(e)(2)(ii). *See Estelle*, 429 U.S. at 106.

### E. The Court should dismiss Plaintiffs' claims without leave to amend.

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible, the Fifth Circuit has recommended that dismissal of suits for failure to state a claim be without prejudice. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice).

As a result, a district court must generally afford a *pro se* plaintiff an opportunity to amend before dismissing for failure to state a claim. *Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, where the Court determines that a *pro se* plaintiff has had the opportunity to state his best case, the Court may dismiss his complaint with prejudice. *See, e.g., id.*; *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx*, 136 F.3d at 1054) (affirming the district court's dismissal with prejudice where the *pro se* plaintiff's response to a questionnaire showed he had pleaded his best case); *Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (affirming dismissal with

9

prejudice where *pro se* plaintiff's questionnaire and objections to magistrate judge's recommendation showed he had pleaded his best case); *Hunter v. Wilson*, 3:16-CV-1289-L-BN, 2016 WL 9781808, at *2–4 (N.D. Tex. Sept. 16, 2016), rec. adopted, 3:16-CV-1289-L, 2017 WL 4539431 (N.D. Tex. Oct. 11, 2017).

Here, Plaintiffs already filed a case related to the pending case to no avail. While Plaintiffs contend the new complaint was "refiled in conformity" with the undersigned's recommendations, the complaint suffers the same procedural shortcomings as its predecessor. Between the two actions, Plaintiffs have now filed three complaints alleging nearly identical constitutional violations and requests for relief. Although they ask the Court to postpone further consideration under § 1915 so that they can file another amended complaint (*see* ECF No. 8), the undersigned finds that Plaintiffs have pleaded their best case. Because any further amendment would not be likely to state a viable claim against Defendants, any further amendment would be futile. And amendment would be futile because the Court should abstain from considering the case under *Younger*. *See Taubenfeld v. Hotels.com*, 385 F. Supp. 587, 592 (N.D. Tex. 2004) (holding that amendment is futile when a claim is "not actionable as a matter of law"). Thus, Chief Judge O'Connor should dismiss Plaintiffs claims against the Defendants without prejudice and without leave to amend.

### IV. CONCLUSION

After completing judicial screening under 28 U.S.C. § 1915(e)(2), the undersigned recommends that Chief Judge O'Connor **DISMISS** the complaint without prejudice because *Younger* abstention applies, Plaintiffs have not stated a claim upon which relief may be granted, and § 1983 provides no such cause of action against these Defendants.

A copy of these findings, conclusions, and recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on November 18, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE